# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * *
ADAM PEREZ,                          *       No. 23-778V
as parent and natural guardian of L.P., *
a minor,                             *
                                     *
            Petitioner,              *
                                     *       Special Master Christian J. Moran
v.                                   *
                                     *       Filed: May 1, 2024
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
            Respondent.              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

<u>Amy A. Senerth</u>, Muller Brazil, LLP, Dresher, PA, for Petitioner;
<u>Lauren Kells</u>, United States Dep't of Justice, Washington, D.C., for Respondent.

## UNPUBLISHED DECISION AWARDING DAMAGES[1]

On May 30, 2023, petitioner Adam Perez filed a petition on behalf of his minor child L.P. for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 et seq. (2012). Petitioner alleged that a Prevnar 13 vaccine administered to L.P. on June 25, 2021, caused necrotizing granuloma injuries. Pet. at 1. On April 25, 2024, the undersigned ruled that petitioner is entitled to compensation under the Vaccine Act.

On April 30, 2024, respondent filed a Proffer on Award of Compensation, to which petitioner agrees. Based upon the record as a whole, the undersigned finds the Proffer reasonable and that petitioner is entitled to an award as stated in the Proffer. Pursuant to the attached Proffer the court awards petitioner:

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

**For pain and suffering, an amount not to exceed $45,000.00 to purchase an annuity contract, paid to the life insurance company from which the annuity will be purchased, subject to the conditions described below, that will provide payments to L.P. as set forth below:**

**Beginning 12/08/2038, $23,207.84 per year for 4 years certain. The purchase price of the annuity described in this section II.A shall neither be greater nor less than $45,000.00. In the event that the cost of the certain annuity payments set forth above varies from $45,000.00, the annuity payment set forth above shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $45,000.00. Should L.P. predecease payment of any of the certain annuity payments set forth above, said payments shall be made to his estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of L.P.'s death.**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 23-778V according to this decision and the attached proffer.[2]

Any questions regarding this order may be directed to my law clerk, Christine Olson, at (202) 357-6360.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| ADAM PEREZ, *as parent and natural guardian of L.P., a minor*,<br><br>              Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>              Respondent. | No. 23-778V<br>Special Master Moran<br>ECF |

## RESPONDENT'S PROFFER OF DAMAGES

I.    **Procedural History**

On May 30, 2023, Adam Perez ("petitioner") filed a petition under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, as amended ("Vaccine Act" or "Act"), alleging that, as a result of L.P.'s receipt of a Prevnar 13 vaccine on June 25, 2021, L.P. suffered necrotizing granuloma injuries.  Petition at 1.  On December 28, 2023, respondent filed his Rule 4(c) Report conceding that petitioner is entitled to compensation in this case.  ECF No. 25.  Accordingly, on April 25, 2024, the Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to vaccine compensation.  ECF No. 36.

II.    **Items of Compensation and Form of the Award**

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through future annuity payments as described below, and request that the

Special Master's decision and the Court's judgment award the following:[1]

<u>Pain and Suffering</u>

For pain and suffering, an amount not to exceed $45,000.00 to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will be purchased,[4] subject to the conditions described below, that will provide payments to L.P. as set forth below:

Beginning 12/08/2038, $23,207.84 per year for 4 years certain.

---

[1]  Should L.P. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[2]  At respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner.  Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[3]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[4]  Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

The purchase price of the annuity described in this section II.A shall neither be greater nor less than $45,000.00.  In the event that the cost of the certain annuity payments set forth above varies from $45,000.00, the annuity payment set forth above shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $45,000.00.  Should L.P. predecease payment of any of the certain annuity payments set forth above, said payments shall be made to his estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of L.P.'s death.

These amounts represent all elements of compensation to which L.P. would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.[5]

**III.   Summary of Recommended Payments Following Judgment**

An amount of $45,000.00 to purchase the annuity contract described above in section II.A.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA E. ENGLUND
Assistant Director
Torts Branch, Civil Division

---

[5]  At the time payment is received, L.P. will be an adult, and thus guardianship is not required. However, petitioner represents that he presently is, or if necessary, will become, authorized to serve as guardians/conservators of L.P.'s estate as may be required under the laws of the State of Florida.

_s/Lauren Kells_
LAUREN KELLS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4187
lauren.kells@usdoj.gov

DATED:   April 29, 2024